IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEDRA R. JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>    Defendant.<br>_____/ | CASE NO. CV-F-09-238-LJO-DLB<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS AND/OR MOTION FOR JUDGMENT ON THE PLEADINGS** (Doc. 3) |

**INTRODUCTION**

By notice on February 6, 2009, defendant United States Postal Service ("Postal Service") moves to dismiss pro se plaintiff Dedra Johnson's ("Ms. Johnson's") complaint for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. ("Rule") 12(b)(1). In the alternative, the Postal Service moves for judgment on the pleadings pursuant to Rule 12(c). The Postal Service argues that the United States has not waived its sovereign immunity over Ms. Johnson's claims because: (1) Ms. Johnson's claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter" are barred by sovereign immunity, pursuant to 28 U.S.C. §2680(b); and (2) Ms. Johnson failed to exhaust her administrative remedies, in violation of the Federal Tort Claims Act, 28 U.S.C. §1346(b) ("FTCA"). Additionally, the Postal Service argues that Ms. Johnson's claims are barred by the doctrine of res

1

judicata. Ms. Johnson failed to oppose this motion. For the following reasons, this Court DISMISSES this action with prejudice for lack of subject matter jurisdiction.

## BACKGROUND

Ms. Johnson initiated a previous action against the Postal Service on June 17, 2008 by filing a civil complaint in the State of California, County of Fresno Superior Court ("first action"). Ms. Johnson alleged that the Postal Service lost certified mail and committed fraud.[1] The Postal Service removed the action to this Court on September 16, 2008, and moved to dismiss Ms. Johnson's complaint on September 23, 2008. This Court dismissed with prejudice Ms. Johnson's action on October 15, 2008 ("October Order"). In its October Order, this Court ruled that Ms. Johnson's claims were barred by sovereign immunity. *Id*. at 3. The Court further found that Ms. Johnson failed to exhaust her administrative remedies. *Id*. at 4. The Postal Service argues, *inter alia*, that Ms. Johnson's claims are barred by the doctrine of res judicata, based on this Court's resolution of her first action through the October Order.

On August 20, 2008, Ms. Johnson initiated the instant action against the Postal Service. In her civil complaint filed in the State of California, County of Fresno Superior Court, Ms. Johnson alleges that five or six times, the Postal Service failed to return a signature card that Ms. Johnson requested to be returned on delivery of her certified mail. Ms. Johnson alleges that the Postal Service left the certified missive in the mailbox of the recipient, without going to the door and without requiring a signature. The Postal Service removed the instant action to this Court on February 4, 2009 and filed the instant motion on February 6, 2009. Ms. Johnson failed to oppose the motion. The Court finds this motion suitable for decision without a hearing and, pursuant to Local Rule 78-230(h), vacates the March 12, 2009 hearing,[2] and issues the following order.

///

---

[1] The entire allegation reads: "United Postal Service lost certifide [sic] mail and the [sic] left with out [sic] signature–and tryed [sic] to cover up there [sic] mistake (frauding) 10 pages-11 pages."

[2] Ms. Johnson was advised by the February 6, 2009 notice of this motion that failure to oppose this motion may be construed as non-opposition or withdrawal of the motion, and may be cause for sanctions. Additionally, no party is "entitled to be heard in opposition to a motion...if opposition to the motion has not been timely filed." Local Rule 78-230(c). Having failed to oppose this motion, Ms. Johnson is not entitled to appear at the March 12, 2009 hearing.

**STANDARD OF REVIEW**

The Postal Service contends that this Court lacks jurisdiction over Ms. Johnson's claims, pursuant to Rule12(b)(1). In considering a motion to dismiss for lack of subject matter jurisdiction, the plaintiff, as the party seeking to invoke the court's jurisdiction, always bears the burden of establishing subject matter jurisdiction. *Tosco Corp. v. Communities for Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001). The court presumes a lack of subject matter jurisdiction until the plaintiff proves otherwise. *See Kokkonen v. Guardian Life Ins. Co. of America*, 114 S.Ct. 1673, 1675 (1994).

The Court must also consider whether the motion to dismiss is "facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." *Savage v. Glendale Union High School*, 343 F. 3d 1036, 1039-40 n.2 (9th Cir. 2003); *see also, White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In the facial attack, a party challenges subject matter jurisdiction by asserting that the allegations in the complaint are insufficient on their face to invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In this case, the court must consider the allegations of the complaint as true. *See Thornhill Publishing Company, Inc. v. General Telephone & Electronics Corp.,* 594 F.2d 730 (9th Cir. 1979). In a factual challenge, the truth of the allegations, which would otherwise invoke subject matter jurisdiction, is challenged. In this circumstance, this Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988).

**DISCUSSION**

**Sovereign Immunity**

"[T]he United States may not be sued without its consent and [] the existence of such consent is a prerequisite to jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 211 (1983). Evidence of the United States' consent must be unequivocal and may not be implied. *Blue v. Widnall*, 162 F.3d 541, 544 (9th Cir. 1998). The United States' consent to suit defines the jurisdiction of the court to hear an action against the federal government. *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987).

Here, the applicable jurisdictional statute is the FTCA, 28 U.S.C. §1346(b). "The FTCA is the exclusive remedy for tortious conduct by the United States." *Federal Deposit Ins. Corp. v. Craft*, 157

F.3d 697, 716 (9th Cir. 1998); 28 U.S.C. §2679. *See also, Taylor v. Administrator of Small Bus. Admin.*, 722 F.2d 105 (5th Cir. 1983) (allegations of fraud against the United States, sounded in tort, are exclusively cognizable under the FTCA, and subject to all of the FTCA's limitations and safeguards).

### No Waiver of Sovereign Immunity

Although the Federal Tort Claims Act "grants a waiver of sovereign immunity in certain cases under 28 U.S.C. §1346(b)... the United States retains sovereign immunity over claims 'arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.'" *Anderson v. U.S. Postal Service*, 761 F.2d 527, 528 (9th Cir. 1985) (quoting 28 U.S.C. §2680(b)). "Claims for the loss, misdelivery or negligent transmission of letters or postal matter are one such type of claim excepted from the FTCA's waiver of sovereign immunity." *Pruitt v. U.S. Postal Service*, 817 F.Supp. 807 (E.D. Mo. 1993). This provision has been invoked to exclude claims based on delays in delivering a letter, delivering a letter to the wrong address, or the loss of a registered letter. *See, e.g., Rider v. United States Postal Service*, 862 F.2d 239 (9th Cir. 1988), *cert. denied*, 490 U.S. 1090 (1989) (claim based on the failure to deliver mail within the promised time barred); *Anderson*, 761 F.2d at 528 (plaintiff's claim for loss of stolen certified letters is barred by sovereign immunity). Ms. Johnson's claim that the Postal Service left her certified letters without requiring a signature is a "negligent transmission of letters" within the meaning of 28 U.S.C. §2680(b). Accordingly, Ms. Johnson's claim is barred by sovereign immunity.

### Failure to Exhaust

This Court lacks jurisdiction over Ms. Johnson's claims against the Postal Service, because Ms. Johnson failed to exhaust her administrative remedies. To assert a claim against the Postal Service based on the FTCA, Ms. Johnson is required to file an administrative tort claim. 28 U.S.C. §2675(a). "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. U.S.*, 508 U.S. 106, 113 (1993). The Postal Service produces a declaration from Gwendolyn E. Murray, a United States Postal Service Tort Claims Examiner ("Ms. Murray"). In the declaration, Ms. Murray writes that she searched all Postal Service records of administrative tort claims and found no claims filed by Ms. Johnson. Ms. Johnson does not allege, and does not produce any evidence, that she filed an administrative claim. Thus, Ms. Johnson does not satisfy her burden of proving subject matter jurisdiction. *See Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2002) ("The

requirement of an administrative claim is jurisdictional."). Accordingly, Ms. Johnson's claims are dismissed for lack of subject matter jurisdiction.

**Futility of Amendment**

Ms. Johnson is precluded from pursuing claims arising out of negligently-handled mail, 28 U.S.C. §2860(b), and Ms. Johnson failed to exhaust her administrative remedies, as required by 28 U.S.C. §2675(a). Based on the facts alleged, Ms. Johnson cannot amend her complaint to demonstrate jurisdiction. Accordingly, amendment would be futile and dismissal with prejudice is warranted. *Yakama Indian Nation v. State of Wash. Dept. of Revenue*, 176 F.3d 1241, 1246 (1999).[3]

**CONCLUSION**

For the foregoing reasons, this Court:

1. DISMISSES this action with prejudice;
2. VACATES the March 12, 2009 motion hearing; and
3. DIRECTS the clerk to close this action.

IT IS SO ORDERED.

**Dated:   February 27, 2009**              /s/ Lawrence J. O'Neill
                                             UNITED STATES DISTRICT JUDGE

---

[3] Because this Court dismisses Ms. Johnson's action based on lack of jurisdiction, this Court does not reach the Postal Service's res judicata argument.

5